TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
           Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA and
TRACY L. WILKISON and KRISTI KOONS JOHNSON
IN THEIR OFFICIAL CAPACITY ONLY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOHN JOE,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA, <u>ET AL.</u>,<br><br>        Defendants. | Case No. 2:21-cv-04366-RGK-MAR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF ANDREW BROWN, JUSTIN PALMERTON, JESSIE MURRAY AND VICTOR A. RODGERS; [PROPOSED] ORDER GRANTING MOTION LODGED UNDER SEPARATE COVER**<br><br>Date:        October 18, 2021<br>Time:       9:00 a.m.<br>Courtroom:  850, the Honorable<br>                 R. Gary Klausner |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on October 18, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Court, Courtroom 850, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") will and hereby do move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the first amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  This Motion is made following the conference of counsel pursuant to Local Rule 7-3  (see Rodgers Decl. ¶ 2), and is made on the grounds that there is no subject matter jurisdiction over this action and plaintiff's complaint fails to state a claim upon which relief can be granted.

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities and declarations of Andrew Brown, Victor A. Rodgers, Justin Palmerton and Jessie Murray; the proposed order granting the motion (lodged under separate cover); all pleadings and papers on file in this action; and such further matters as may be presented at any hearing on this Motion, and matters of which the Court may take notice.

Dated: August 30, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

1

1

## **TABLE OF CONTENTS**

2  MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 1

3  I.   INTRODUCTION ............................................................................................ 1

4  II.  STATEMENT OF FACTS .............................................................................. 1

5  III. ARGUMENT ................................................................................................... 3

6       A.  The Standards For Motions To Dismiss Under Fed R. Civ. P. 12 For
7           A Lack of Subject Matter Jurisdiction And Failure To State A Claim
         Upon Which Relief Can be Granted ............................................................ 4

8       B.  Plaintiff's Complaint Seeks To Invoke The Equitable Jurisdiction Of
9           This Court ...................................................................................................... 6

     C.  Plaintiff Has Not Shown Equitable (And Therefore Subject Matter)
10          Jurisdiction Exists As To The Items That Are Subject To
11          Administrative Forfeiture Because The Commencement Of
         Administrative Forfeiture Proceedings Provides Plaintiff With An
12          Adequate Remedy At Law ............................................................................ 7

13      D.  Plaintiff Cannot Satisfy Article III's Case Or Controversy
         Requirement .................................................................................................. 9

14      E.  Plaintiff Request For The Return Of Items The Government Does
15          Not Possess Must Be Brought Under The Federal Torts Claims Act ........ 12

16      F.  Plaintiff's Stand-Alone Third And Fourth Causes Of Action Do Not
         State Claims Upon Which Relief Can Be Granted Because They Are
17          Remedies And Not Independent Claims For Relief ................................... 14

18      G.  Plaintiff's Fourth Cause Of Action For Order Disclosing Inventory
         Fails To State A Claim For Relief .............................................................. 15

19 IV.  CONCLUSION ............................................................................................. 16

20 DECLARATION OF AUSA ANDREW BROWN .......................................... 17

21 DECLARATION OF SPECIAL AGENT JUSTIN PALMERTON ............... 39

22 DECLARATION OF SUPORVISORY AGENT JESSIE MURRAY ........... 41

23 DECLARATION OF AUSA VICTOR RODGERS ........................................ 42

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Federal Cases**

<u>Adeleke v. United States</u>,
   355 F.3d 144 (2d Cir. 2004) ........................................................................ 13

<u>Amina v. WMC Fin. Co.</u>,
   329 F. Supp. 3d 1141 (D. Haw. 2019) ...................................................... 14

<u>Approximately $1.67 Million in U.S. Currency, Stock & Other Valuable Assets</u>,
   513 F.3d 991 (9th Cir. 2008) .................................................................... 10

<u>Arford v. United States</u>,
   934 F.2d 229 (9th Cir. 1991) .................................................................... 13

<u>Bailey v. United States</u>,
   508 F.3d 736 (5th Cir. 2007) .................................................................... 13

<u>Ballard v. Chase Bank United States, NA</u>,
   2010 WL 5114952 (S.D. Cal. Dec. 9, 2010) ............................................ 15

<u>Bell Atlantic Corp. v. Twombly</u>,
   550 U.S. 544 (2007) .................................................................................... 5

<u>Bender v. Williamsport Area School Dist.</u>,
   475 U.S. 534 (1986) .................................................................................... 4

<u>Billingsley v. C.I.R.</u>,
   868 F.2d 1081 (9th Cir. 1989) .................................................................... 4

<u>Blair v. IRS</u>,
   304 F.3d 861 (9th Cir. 2002) .................................................................... 14

<u>Caltex Plastics, Inc. v. Lockheed Martin Corp.</u>,
   824 F.3d 1156 (9th Cir. 2016) .................................................................... 5

<u>Cardenas v. Anzai</u>,
   311 F.3d 929 (9th Cir.2002) ..................................................................... 11

1

## <u>TABLE OF CONTENTS CONTINUED</u>

2

DaimlerChrysler Corp. v. Cuno,
3
    547 U.S. 332 (2006) ............................................................................4

4

Diaz v. United States,
5
    517 F.3d 608 (2d Cir. 2008) .............................................................13

6

Gillespie v. Civiletti,
7
    629 F.2d 637 (9th Cir. 1980) .............................................................14

8

Haltiwanger v. United States,
9
    494 F. Supp. 2d 927 (N.D. Ill. 2007)...................................................8

10

In Re Return of Seized Prop. (Jordan),
11
    625 F. Supp. 2d 949 (C.D. Cal. 2009)................................................8

12

In Re The Return of Seized Property, Specifically All Funds Seized from BoundlessRise, LLC,
13
14
    2017 WL 4180149 (C.D. Cal. Aug. 30, 2017) ....................................8

15

Jachetta v. United States,
16
    653 F.3d 898 (9th Cir. 2011) .............................................................13

17

Jensen v. Quality Loan Serv. Corp.,
18
    702 F. Supp. 2d 1183 (E.D. Cal. 2010) ............................................14

19

Kahn v. United States,
20
    2009 WL 2900249 (S.D.N.Y. Sept. 8, 2009) ...................................13

21

Laub v. United States Dep't of the Interior,
22
    342 F.3d 1080 (9th Cir. 2003)..........................................................12

23

Lujan v. Defenders of Wildlife,
24
    504 U.S. 555 (1992) .........................................................................11

25

Massey v. Ojaniit,
26
    759 F.3d 343 (4th Cir. 2014)..............................................................5

27

Ordonez v. United States,
    680 F.3d 1135 (9th Cir. 2012) .........................................................13

28

1

## <u>TABLE OF CONTENTS CONTINUED</u>

2 | Otonye v. U.S.,
3 |      903 F. Supp. 357 (E.D.N.Y. 1995)................................................................9

4 | Railway Mail Ass'n v. Corsi,
5 |      326 U.S. 88 (1945) .............................................................................11

6 | Ramsden v. United States,
7 |      2 F.3d 322 (9th Cir. 1993)..................................................................6

8 | Roberts v. Corrothers,
9 |      812 F.2d 1173 (9th Cir. 1987)............................................................5

10 | Safe Air for Everyone v. Meyer,
11 |      373 F.3d 1035 (9th Cir. 2004)..........................................................4, 5

12 | Seismic Reservoir 2020, Inc. v. Paulsson,
13 |      785 F.3d 330 (9th Cir. 2015)..............................................................5

14 | Silver State Broad, LLC v. Beasley FM Acquisition Corp.,
15 |      2012 WL 4049481 (D. Nev. Sept. 12, 2012) ...................................14

16 | Stormans, Inc. v. Selecky,
17 |      586 F.3d 1109 (9th Cir. 2009)..........................................................11

18 | Thomas v. Anchorage Equal Rights Com'n,
19 |      220 F.3d 1134 (9th Cir. 2000)..........................................................11

20 | Thornhill Pub. v. General Tel. and Electronics Corp.,
21 |      594 F.2d 730 (9th Cir. 1979)..............................................................5

22 | United States v. 2nd Amendment Guns, LLC,
23 |      917 F. Supp. 2d 1120 (D. Or. 2012)...................................................9

24 | United States v. $8,850,
25 |      461 U.S. 555 (1983) .....................................................................6, 10

26 | United States v. $1,111,120.00 in U.S. Currency,
27 |      2014 WL 619436 (S.D. Ohio Feb. 18, 2014).....................................10

28

1
2

## TABLE OF CONTENTS CONTINUED

3     United States v. Eames,
4        524 F. App'x 320 (9th Cir. 2013) ...................................................................... 13

5     United States v. Elias,
6        921 F.2d 870 (9th Cir. 1990) ....................................................................... 6, 7

7     United States v. Ibrahim,
8        522 F.3d 1003 (9th Cir. 2008) .......................................................................... 6

9     United States v. Lazarenko,
10       476 F.3d 642 (9th Cir. 2007) .................................................................... 11, 12

11    United States v. Martinson,
12       809 F.2d 1364 (9th Cir. 1987) .......................................................................... 6

13    United States v. Naovalath,
14       2008 WL 2885965 (D. Minn. Jul. 22, 2008) ................................................... 8

15    United States v. Ninety-Three (93) Firearms,
16       330 F.3d 414 (6th Cir. 2003) .......................................................................... 10

17    United States v. One 1987 Jeep Wrangler,
18       972 F.2d 472 (2d Cir. 1992) ............................................................................. 8

19    United States v. Ritchie,
20       342 F.3d 903 (9th Cir. 2003) ............................................................................ 6

21    United States v. Streich,
22       560 F.3d 926 (9th Cir. 2009) .......................................................................... 11

23    United States v. U.S. Currency, $83,170.78,
24       851 F.2d 1231 (9th Cir. 1988) ...................................................................... 6, 7

25    United States v. Voraveth,
26       2008 WL 4287293 (D. Minn. Jul. 1, 2008) ..................................................... 8

27    Von Saher v. Norton Simon Museum of Art at Pasadena,
         592 F.3d 954 (9th Cir. 2010) ............................................................................ 5
28

1

2

## <u>TABLE OF CONTENTS CONTINUED</u>

<u>Warren v. Fox Family Worldwide, Inc.</u>,
 328 F.3d 1136 (9th Cir. 2003) ...................................................................... 5

<u>Western Oil & Gas Ass'n v. Sonoma County</u>,
 905 F.2d 1287 (9th Cir. 1990) ............................................................... 11, 12

<u>White v. Lee</u>,
 227 F.3d 1214 (9th Cir. 2000) ...................................................................... 4

<u>Winter v. Cal. Med. Review Bd., Inc.</u>,
 900 F.2d 1322 (9th Cir.1990) ...................................................................... 12

<u>$8,050.00 in U.S. Currency v. United States</u>,
 307 F. Supp. 2d 922 (N.D. Ohio 2004) ...................................................... 8

**Federal Statutes**

18 U.S.C. § 983 ................................................................................................. 8

18 U.S.C. § 983(a)(3)(A) ..................................................................... 1, 4, 10

18 U.S.C. § 983(a)(3)(B) ..................................................................... 1, 4, 10

19 U.S.C. § 1608 .............................................................................................. 7

28 U.S.C. § 2671 ............................................................................................ 12

28 U.S.C. § 2672 ............................................................................................ 14

28 U.S.C. § 2675(a) ....................................................................................... 14

**Federal Rules**

Fed R. Civ. P. 12 ............................................................................................. 2

Fed. R. Civ. P. 12(b)(1) ............................................................................... 1, 4

Fed. R. Civ. P. 12(b)(6) .......................................................................... 1, 5, 14

Fed. R. Civ. P. 12(h)(3) ................................................................................... 4

## <u>TABLE OF CONTENTS CONTINUED</u>

Fed. R. Crim. P. 41...................................................................................passim

Fed. R. Crim. P. 41(g)..............................................................................passim

Fed. R. Crim. P. 41(f)(1)(C) .......................................................................1, 15

Fed. R. Crim. P. 41(f)(1)(D) .....................................................................passim

Fed. R. Crim. P. 41(g)..............................................................................passim

Fed. R. Crim. P. 41Rule 41(e) ........................................................................6, 9

**Federal Regulations**

28 C.F.R. § 8.10(e)............................................................................................10

28 C.F.R. § 8.12................................................................................................10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### INTRODUCTION

Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") respectfully submit this memorandum of points and authorities in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the first amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff seeks the return of jewelry items and currency. The currency, totaling $23,494, was never the subject of any asset forfeiture proceedings, and has always been slated for return. The jewelry items are the subject of the administrative forfeiture proceedings, for which the deadline to expire a forfeiture complaint will not expire until September 14, 2021. However, the United States will not be filing any judicial forfeiture action against the jewelry, and those items will be returned. Accordingly, this action does not satisfy the Article III case or controversy requirements and is moot. While there may be some issue regarding what jewelry was or was not in the box and will be returned, any such dispute (assuming it exists) would require that an action be filed under the Federal Torts Claims Act, with a prior demand for the return of the property before filing suit, in order to establish subject matter jurisdiction.

But even assuming, for the sake of argument, that plaintiff's property was not being returned, equitable jurisdiction would not lie over the jewelry items because the 90 day deadline in 18 U.S.C. 983(a)(3)(A) & (B) to file a judicial forfeiture action against those items has not expired. In addition, plaintiff's stand-alone causes of action for an inventory and declaratory relief are improper because they are not claims for relief but instead claims for a remedy. In addition, plaintiff's claim for an inventory does not meet the requirements of Fed. R. Crim. P. 41, because the government satisfied Fed. R. Crim. P. 41(f)(1)(C) by leaving a copy of the warrant and return where the property was taken, providing inventories to persons without a verified connection to a specific box would be

1

1   unwise because the FBI could not verify that it was returning property to the correct

2   person or someone who based on the inventory knew what was inside a particular box

3   and, in any event, Fed. R. Crim. P. 41 does not apply to administrative inventories.

## II.

## STATEMENT OF FACTS

6       Plaintiff John Joe has filed a first amended complaint ("FAC") alleging three

7   claims against the government, namely his first, third and fourth causes of action.[1]  The

8   first cause of action for return of property pursuant to Fed. R. Crim. P. 41(g) for return of

9   property and third cause of action for declaratory relief allege violations of the Fourth

10  and Fifth Amendments arising from the government's allegedly unlawful search and

11  seizure of the property inside safety deposit box number 110, which safety deposit box

12  was situated at US Private Vaults ("USPV") in Beverly Hills, California.  Docket No. 1

13  (FAC ¶¶ 3, 32, 36, 131-135 and 144-147).  Plaintiff's fourth cause of action seeks an

14  order requiring the government to provide plaintiff, pursuant to Fed. R. Crim. P.

15  41(f)(1)(D), with a copy of any inventory of plaintiff's property taken from box number

16  110.  FAC ¶¶ 3, 32, 36 and 148-151.[2]

17      In March 2021, a grand jury indicted USPV for conspiring with its customers to

18  launder money, distribute drugs, and structure financial transactions to avoid currency

19  reporting requirements.  Brown Decl. ¶ 2 and Ex. A.  The indictment provides that

20  USPV's business is predicated on "attract[ing] customers in possession of proceeds from

21  criminal offenses[.]"  Id.  (Ex. A [indictment at 3:21]).  USPV allegedly did so by

22  "touting the anonymity of the safety deposit rentals" and "boasting that, unlike banks, its

---

24  [1] Plaintiff's Bivens claim in his second cause of action is against only defendants
    who are sued in their individual capacities.  The instant motion is not filed on behalf of
25  those defendants, but instead only as to the causes of action against "the government" as
    defined above.

26  [2]The FAC further alleges that plaintiff sues using a pseudonym to protect himself
27  from the risk of criminal investigation and prosecution, and from injury, harassment,
    embarrassment and retaliation based merely on the fact that he is a USPV box holder,
28  but the government believes that plaintiff's identity is already known to the government.
    FAC ¶¶ 17, 37 and 70.

1   anonymous safety deposit box rentals did not require customer information that 'can be
2   easily accessed by government agencies (such as the IRS)[.]' "  (Ex. A [indictment at
3   3:23-28]).

4       The government obtained a sealed criminal seizure warrant for, among other
5   things "[t]he nests of safety deposit boxes and keys" located at USPV, and the warrant
6   provides that it "does not authorize a criminal search or seizure of the contents of the
7   safety boxes[,]" that "agents shall follow their written inventory policies to protect their
8   agencies and the contents of the boxes" and that "agents shall inspect the contents of the
9   boxes in an effort to identify their owners in order to notify them so that they can claim
10  their property[.]"  Brown Decl. ¶¶ 3 and 4 and Ex. B.   In addition, the government
11  obtained an affidavit in support of the search and seizure warrants at USPV.  FAC ¶ 78.

12      Between March 22 and 26, 2021, federal agents executed the seizure warrant and
13  removed the nests of safe deposit boxes, inventorying their contents in the process, as
14  authorized in the seizure warrant and discussed in the affidavit supporting it.  Id.;
15  Palmerton Decl. ¶ 2; FAC ¶¶ 59(d)-(g).  The inventory of the boxes' contents revealed,
16  among other items, firearms, illegal drugs, and anonymous stores of wealth, mostly cash.
17  Palmerton Decl. ¶ 2.  Drug detecting dogs alerted to most, but not all of the cash stashes.
18  Id.

19      On May 20, 2021, the FBI initiated administrative forfeiture proceedings as to the
20  miscellaneous precious items in plaintiff's box by sending an individual notice of the
21  FBI commencement of administrative forfeiture to plaintiff, which plaintiff received on
22  or about May 24, 2021.  FAC ¶ 63.  The notice listed the gold and silver items found
23  inside the box, but plaintiff alleges that the description of the gold and silver items was
24  inaccurate regarding quantities and weights and did not mention a watch allegedly
25  situated therein.  FAC ¶ 64.  In addition, plaintiff alleges that there was currency in the
26  box that was not mentioned in the individual notice (FAC ¶¶ 56 and 64), but that is
27  because the FBI never initiated administrative forfeiture proceedings as to the $23,494
28  found in plaintiff's box, and the currency was instead always slated for return.  Murray

Decl. ¶ 2.  On June 16, 2021, plaintiff filed a claim to contest the administrative forfeiture of the gold and silver items set forth in the individual notice plaintiff received on May 24, 2021 (FAC ¶ 70), which means the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) & (B) for the government to file a judicial forfeiture action against those items or else release them has not yet expired and will not expire until September 14, 2021.  The government will not be pursuing judicial forfeiture against the gold and silver items, and they (like the currency in plaintiff's box) will be returned.  Murray Decl. ¶ 3.

### III.

### ARGUMENT

**A.    The Standards For Motions To Dismiss Under Fed. R. Civ. P.  12 For Lack of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted.**

Federal courts should not adjudicate controversies where subject matter jurisdiction is lacking because they "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)(citation omitted).  As courts of limited jurisdiction, the presumption is that a court is "without jurisdiction unless the contrary appears affirmatively from the record."  Id. at 546 (internal quotes and citations omitted).  The burden of establishing subject matter jurisdiction rests upon the party invoking it [DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)] and "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."  Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989) (internal quotes and citation omitted); see also Fed. R. Civ. P. 12(h)(3).

Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction attacks can be either facial or factual.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  In "a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Conversely, in a factual attack "[n]o presumptive truthfulness

4

attaches to plaintiff's [complaint's] allegations" [Thornhill Pub. v. General Tel. and Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) (internal quotes and citation omitted)], "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" [Safe Air for Everyone, 373 F.3d at 1039 (citation omitted)], and courts may weigh the extrinsic evidence in determining whether the facts show that a plaintiff has discharged plaintiff's burden of demonstrating that subject matter jurisdiction exists [Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir. 1987)].

Courts should grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted when a complaint fails to allege a cognizable legal theory or sufficient factual support for a legal theory. Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016). Fed. R. Civ. P. 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (internal quotes and citation omitted). Also, a complaint must set forth "enough facts to state a claim for relief that is plausible on its face" to defeat the motion. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). On the motion, courts accept as true the well-pleaded material factual allegations of a complaint but need not accept as true conclusory allegations, unwarranted factual deductions, unreasonable inferences or legal characterizations. Bell Atlantic Corp., 550 U.S. at 555; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Moreover, courts may consider documents attached to or mentioned in a complaint and matters subject to judicial notice without converting the motion into a summary judgment motion. Massey v. Ojaniit, 759 F.3d 343, 347-48 (4th Cir. 2014); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

**B.** **Plaintiff's Complaint Seeks To Invoke The Equitable Jurisdiction Of This Court.**

Plaintiff's first cause of action seeks the return of property pursuant to Fed. R. Crim. P. 41(g). Because plaintiff seeks the return of property, plaintiff's complaint (or for that matter a motion, which is treated as a complaint)[3] seeks to invoke the Court's equitable jurisdiction. Fed. R. Crim. P. 41(g) motions/complaints are only appropriate where the return of property is sought and no criminal action seeking forfeiture of the property is pending nor have civil forfeiture proceedings been instituted. See United States v. $8,850, 461 U.S. 555, 569-70 (1983) (recognizing such motions under former Fed. R. Crim. P. 41(e)). Because such a movant has no other available forum to address the grievance, Fed. R. Crim. P. 41(g) motions are treated as equitable civil actions. United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987).

The Ninth Circuit has recognized that a district court's invocation of equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) request for return of property should be exercised with caution and restraint. Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993). It is a fundamental principle of equitable jurisdiction that if an adequate remedy at law exists, equitable relief is unavailable. United States v. Elias, 921 F.2d 870, 875 (9th Cir. 1990) (affirming district court's refusal to exercise equitable jurisdiction "because Elias had an adequate remedy at law"); United States v. U.S. Currency, $83,170.78, 851 F.2d 1231, 1235 (9th Cir. 1988) (affirming denial of motion for return of property where adequate remedies at law existed; there was "no need to fashion an equitable remedy").

---

[3] Ninth Circuit cases instruct district courts to treat Rule 41(g) motions as civil complaints governed by the Federal Rules of Civil Procedure. United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008) ("[b]ecause there were no criminal proceedings pending at the time of filing, the District Court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure") (citation omitted); United States v. Ritchie, 342 F.3d 903, 906-07 (9th Cir. 2003). Once district courts treat the motion "as a civil complaint, . . . it [is] required to apply the Federal Rules of Civil Procedure. These rules apply to each stage of the proceedings, the same way they would in the civil context." Ibrahim, 522 F.3d at 1008 (citation omitted and emphasis in original).

6

**C.    Plaintiff Has Not Shown Equitable (And Therefore Subject Matter) Jurisdiction Exists As To The Items That Are Subject To Administrative Forfeiture Because The Commencement Of Administrative Forfeiture Proceedings Provides Plaintiff With An Adequate Remedy At Law.**

As shown below, the property plaintiff seeks to have returned is in the process of being returned and his claims are therefore moot.  Nevertheless, the government notes that its commencement of administrative forfeiture as to the gold and silver shows that plaintiff has an adequate remedy at law provided as a result of the administrative forfeiture proceedings.

In Elias, the Ninth Circuit held that administrative forfeiture proceedings provide an adequate remedy at law and therefore preclude a district court from exercising equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) motion for return for property. There, the government had seized assets and initiated administrative forfeiture proceedings by providing notice thereof.  In affirming the district court's dismissal of Elias' motion, the court concluded that "Elias had a remedy at law pursuant to the administrative forfeiture scheme set forth in 19 U.S.C. § 1608."  921 F.2d at 872.  The court rejected the argument that only pending judicial forfeiture proceedings precluded Fed. R. Crim. P. 41(g) relief, and held that administrative forfeiture proceedings "provided Elias with the procedural tools to seek judicial review of the lawfulness of the seizure of his property" and that "both [the administrative and judicial forfeiture] procedures give the claimant an adequate remedy at law."  Id. at 873.

Following this rule, numerous Ninth Circuit and cases within the Circuit have dismissed Fed. R. Crim. P. 41(g) motions and complaints where forfeiture proceedings are pending, reasoning that the initiation of forfeiture proceedings provides an adequate remedy at law and divests courts from hearing Fed. R. Crim. P. 41(g) motions or complaints for the return of property.  See, e.g., U.S. Currency, $83,310.78, 851 F.2d at 1235 ("when a civil forfeiture proceeding is pending, there is no need to fashion an

equitable remedy to secure justice for the claimant"); <u>In Re Return of Seized Prop.</u> <u>(Jordan)</u>, 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009) (in granting the government's motion to dismiss a Fed. R. Crim. P. 41(g) motion for return with prejudice, the court noted "the Ninth Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has been filed") (citation omitted); <u>In Re The Return of Seized Property,</u> <u>Specifically All Funds Seized from BoundlessRise, LLC</u>, 2017 WL 4180149 (C.D. Cal. Aug. 30, 2017) (in granting government's motion to dismiss for lack of subject matter jurisdiction, the district court noted "if a related civil forfeiture proceeding is filed - - either before or after the Rule 41(g) motion was brought - - the court no longer has jurisdiction to entertain the Rule 41(g) motion.  A civil forfeiture proceeding gives the claimant an adequate remedy at law, precluding exercise of the district court's equitable powers") (internal quotes and citations omitted).

Cases outside the Ninth Circuit are in accord.  <u>Haltiwanger v. United States</u>, 494 F. Supp. 2d 927 (N.D. Ill. 2007) (granting government's motion to dismiss for lack of jurisdiction because the district court lacked equitable jurisdiction to hear Fed. R. Crim. P. 41(g) motion once administrative forfeiture proceedings were commenced).

Numerous other cases also reach the same result.  <u>United States v. Voraveth</u>, 2008 WL 4287293, *13 (D. Minn. Jul. 1, 2008), <u>r.& r adopted</u>, <u>United States v. Naovalath</u>, 2008 WL 2885965 (D. Minn. Jul. 22, 2008) (equitable relief under Fed. R. Crim. P. 41(g) is not available once administrative forfeiture proceedings commenced because those proceedings provide an adequate remedy at law); <u>$8,050.00 in U.S. Currency v.</u> <u>United States</u>, 307 F. Supp. 2d 922, 926-27 (N.D. Ohio 2004) (comprehensive provisions in 18 U.S.C. § 983, governing the procedural aspects of civil forfeiture proceedings, give claimant an adequate remedy at law for contesting a civil forfeiture; thus, once the Government commences administrative forfeiture proceedings, a Rule 41(g) motion must be dismissed); <u>United States v. One 1987 Jeep Wrangler</u>, 972 F.2d 472, 479 (2d Cir. 1992) ("the claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding.  Consequently, once the administrative process has begun, the

district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion") (citations omitted); <u>United States v. 2nd Amendment Guns, LLC</u>, 917 F. Supp. 2d 1120 (D. Or. 2012) (once government commences administrative forfeiture proceeding, claimant has an adequate remedy at law to raise claimant's Fourth Amendment unlawful search arguments).[4]

Therefore, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. The commencement of administrative forfeiture proceedings provides an adequate remedy at law and shows the equitable jurisdiction does not lie.

### D. Plaintiff Cannot Satisfy Article III's Case Or Controversy Requirement.

Plaintiff's first (Rule 41(g)), third (declaratory relief) and fourth (order disclosing inventory pursuant to Rule 41(f)(1)(D)) causes of action are also barred because plaintiff cannot satisfy Article III's case or controversy requirement as to those causes of action.

First, the government commenced administrative forfeiture proceedings only as to a portion of the property plaintiff seeks to have returned (namely the gold and silver ignots and not the currency), and is in the process of returning all of those items. Second, and as to the items subject to the administrative forfeiture proceeding, the September 14, 2021 deadline for the government to file a judicial forfeiture action against that property has not yet expired, meaning plaintiff's request for relief is unripe. Third, while the FAC alleges that irreparable injury exists based on decisions in a related case, the decisions upon which plaintiff relies show that persons, like plaintiff, who filed administrative claims suffered <u>no</u> irreparable injury because the government cannot

---

[4] Plaintiff also cites one old district court decision based on a magistrate's recommendation, <u>Otonye v. U.S.</u>, 903 F. Supp. 357 (E.D.N.Y. 1995), to suggest that equitable jurisdiction exists apart from Rule 41(g). However, that is incorrect. The scope of Rule 41(g) is now clear, as evidenced by the multitude of cases cited above, in that it allows courts under their equitable jurisdiction to provide for return of property where there are no criminal proceedings or asset forfeiture proceedings against the property. <u>Id.</u> at 360 ("Rule 41(e) was amended in 1989 expressly to clarify the ambiguity in the prior rule regarding the scope of a court's jurisdiction to hear motions for return of property"). Accordingly, Rule 41(g) is the sole basis to seek the return of property based on equitable jurisdiction.

conclude a forfeiture of their property without filing a judicial forfeiture action (which sets forth the factual and legal bases for the forfeiture) as to those persons and the pursuit of those judicial actions to conclusion, as the filing of an administrative claim prevents the seizing agency from concluding an administrative forfeiture.[5]  <u>Paul Snitko, et al. v. United States of America, et al.</u>, Case No. 2:21-cv-04405-RGK-MAR, Docket No. 64-4 at page 20-21.  In addition, the government notes that a seizing agency's forfeiture notice standing alone is not controlling because property cannot be forfeited as to an administrative claimant like plaintiff without prosecuting a judicial forfeiture action to completion.[6]

Plaintiff's request for relief based on future events that may or may not occur (namely, the government not releasing their property after the forfeiture deadline expires) runs afoul of Article III case or controversy standing and ripeness requirements. In addition, Plaintiff's request for relief is moot because the government is releasing plaintiff's property.

---

[5] By law, the filing of a claim stops the administrative forfeiture proceeding as to the property (28 C.F.R. § 8.10(e)) which means that the agency cannot enter a final decision declaring the asset administratively forfeited under 28 C.F.R. § 8.12 (<u>i.e.</u>, the equivalent of a court judgment of forfeiture in a judicial case), and requires the seizing agency to refer the matter to the United States Attorney's Office for the filing of a complaint for forfeiture in Court, and the government must "promptly release" the property if the complaint for forfeiture is not filed within 90 days after the claim contesting forfeiture is filed with the seizing agency (<u>see</u> 18 U.S.C. § 983(a)(3)(A) & (B)).

[6] In addition, the U.S. Supreme Court and the Ninth Circuit hold that delays significantly longer than the approximately 5 months between the seizure and today to allow a party to have a hearing on the merits of the forfeiture issue do not constitute a due process violation. <u>United States v. $8,850.00 in U.S. Currency</u>, 461 U.S. 555, 565 (1983) (18 month delay between the seizure of property and commencement of administrative forfeiture proceedings did not violate due process); <u>United States v. Approximately $1.67 Million in U.S. Currency, Stock & Other Valuable Assets</u>, 513 F.3d 991, 998, 1001 (9th Cir. 2008) (five year delay between seizure of property and filing of judicial civil forfeiture complaint did not violate due process); <u>United States v. Ninety-Three (93) Firearms</u>, 330 F.3d 414, 426 (6th Cir. 2003) (three year delay between seizure of property and filing of complaint did not violate due process); <u>cf. United States v. $1,111,120.00 in U.S. Currency</u>, 2014 WL 619436 (S.D. Ohio Feb. 18, 2014) (stay of civil forfeiture action for three years while criminal investigation was ongoing did not violate due process).

The "case or controversy" requirement in Article III mandates that issues be "definite and concrete, not hypothetical or abstract," before federal courts may exercise jurisdiction over them.  Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945).  In applying this jurisdictional limitation, courts have, under the rubric of ripeness or standing, refused to consider issues that are hypothetical.  Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, 1138-39 (9th Cir. 2000).  An issue or action is deemed to be unripe when the claims that it presents have either not yet occurred or not become sufficiently "concrete" for judicial resolution.  Western Oil & Gas Ass'n v. Sonoma County, 905 F.2d 1287, 1290 (9th Cir. 1990).

Because ripeness is a constitutional prerequisite for jurisdiction, courts lack jurisdiction to review claims unless they are ripe.  United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009).  The role of the judiciary is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution."  Thomas, 220 F.3d at 1138 (citation omitted).  Ripeness is therefore "designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1122 (9th Cir. 2009) (internal quotes omitted).

To determine whether a case is ripe for review, the Ninth Circuit has held that the proper analysis is (1) whether the issue is fit for judicial decision, and (2) whether the parties will suffer a hardship if the court withholds decision.  United States v. Lazarenko, 476 F.3d 642, 652 (9th Cir. 2007).  A question is fit for decision when it can be decided without considering "contingent future events that may not occur as anticipated, or indeed may not occur at all."  Cardenas v. Anzai, 311 F.3d 929, 934 (9th Cir.2002) (internal quotes omitted); see also Streich, 560 F.3d at 931.  That is, the injury complained of must be "real and concrete rather than speculative and hypothetical."  Stormans, Inc., 586 F.3d at 1122 (internal quotes omitted).  Accord, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (in order to have standing to sue, Article III

11

requires that a plaintiff "suffer[] an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical") (internal quotes omitted).  Courts should consider "whether the controversy generated is essentially legal in nature or whether further factual amplification is necessary." Lazarenko, 476 F.3d at 652.  (internal quotes omitted). Where the case is "too speculative for resolution by a federal court" and "[f]urther delineation of the facts is necessary to shape the issues for review," courts have declined to review the case on ripeness grounds.  Western Oil & Gas Ass'n, 905 F.2d at 1291.

The second prong requires determining whether postponing review would impose a "direct and immediate hardship." Lazarenko, 476 F.3d at 652.  "To meet the hardship requirement, a litigant must show that withholding review would result in 'direct and immediate' hardship and would entail more than possible financial loss." Winter v. Cal. Med. Review Bd., Inc., 900 F.2d 1322, 1325 (9th Cir.1990) (citations omitted).  As the party asserting jurisdiction, plaintiffs bear the burden of establishing that they have "suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Laub v. United States Dep't of the Interior, 342 F.3d 1080, 1085 (9th Cir. 2003).

Plaintiff's first, second and fourth causes of action should be dismissed for this reason, as well.  Plaintiff has not satisfied Article III's case or controversy requirement.

**E.   Plaintiff's Request For The Return Of Items The Government Does Not Possess Must Be Brought Under The Federal Torts Claims Act.**

The government is returning to plaintiff the items that it seized.  As to any additional items, which the government does not possess, a Rule 41(g) claim is improper.  Rule 41(g) does not waive sovereign immunity to allow suits for monetary damages for property the government does not have, any claim for missing/lost/stolen property must be brought under the Federal Torts Claims Act (the "FTCA"), 28 U.S.C. § 2671 et seq., for monetary damages and the FAC neither mentions nor pleads the elements necessary to state a FTCA claim.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (internal quotes and citation omitted). Thus, "[i]n an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity." Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991). That waiver "cannot be implied, but must be unequivocally expressed in statutory text." Jachetta, 653 F.3d at 903 (internal quotes and citation omitted).

The government cannot return property it does not possess and a plaintiff is barred from seeking monetary damages under Rule 41(g). Ordonez v. United States, 680 F.3d 1135, 1137–40 (9th Cir. 2012) ("No matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the government's sovereign immunity, money damages are not a permitted form of relief"); see also United States v. Eames, 524 F. App'x 320 (9th Cir. 2013) (vacating district court's award of money damages and remanding with instructions to dismiss Rule 41(g) movant's claim for compensation for lost coins); Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007) (if the government no longer possesses the seized cash, "[claimant's] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)").

While Rule 41(g) is a vehicle for seeking the return of property, it "does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004); Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (in Rule 41(g) cases, "[o]nce seized currency has been disbursed and is no longer available . . . a claim for its return is . . . no longer at hand: such claims are jurisdictionally barred by the principle of sovereign immunity"); Kahn v. United States, 2009 WL 2900249 at *3 (S.D.N.Y. Sept. 8, 2009) (where, as here, "property is not available for return for whatever reason, the

13

aggrieved party cannot obtain monetary damages against the United States") (internal quotes and citation omitted).

Further, to establish subject matter jurisdiction under the FTCA, a complaint must allege plaintiff has exhausted plaintiff's administrative remedies, by sending the stolen or missing property claim to an administrative agency and that the agency denied plaintiff's claim, which is a jurisdictional prerequisite for filing suit under the FTCA for monetary damages; without that allegation, a complaint is properly dismissed for lack of subject matter jurisdiction. 28 U.S.C. §§ 2672 and 2675(a); Blair v. IRS, 304 F.3d 861, 864-65 (9th Cir. 2002); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

For this reason as well, plaintiff's causes of action should be dismissed.

**F.    Plaintiffs' Stand-Alone Third And Fourth Causes Of Action Do Not State Claims Upon Which Relief Can Be Granted Because They Are Remedies And Not Independent Claims For Relief.**

Plaintiff's third cause of action seeks declaratory relief while plaintiff's fourth cause of action seeks an order, which is akin to an injunction, requiring the government to provide an inventory of the property taken from plaintiff's box pursuant to Fed. R. Crim. P. 41(f)(1)(D).  These are remedies, not causes of action, and therefore a Fed. R. Civ. P. 12(b)(6) motion is properly granted as to them.  Amina v. WMC Fin. Co., 329 F. Supp. 3d 1141, 1166 (D. Haw. 2019)  ("[t]o the extent Plaintiffs seek declaratory and injunctive relief as an independent claim, the Court follows the well-settled rule that a claim for such relief, standing alone, is not a cause of action.  Accordingly, this cause of action fails to state a stand-alone claim upon which relief can be granted") (citations omitted); Silver State Broad, LLC v. Beasley FM Acquisition Corp., 2012 WL 4049481, *3 (D. Nev. Sept. 12, 2012) ("[a]s a preliminary matter, the Court dismisses Plaintiffs' Claim[] . . . 5 (injunctive relief) . . . as these 'claims' are not recognized causes of action but are rather remedies.  Under Rule 12(b)(6), a request for a specific remedy is not sufficient to state a claim upon which relief can be granted") (internal quotation marks and citation omitted); Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201

1   (E.D. Cal. 2010) (dismissing plaintiff's claim for injunctive relief without leave to

2   amend, and noting "[a] request for injunctive relief by itself does not state a cause of

3   action . . . An injunction is a remedy, not a separate claim or cause of action"); Ballard v.

4   Chase Bank United States, NA, 2010 WL 5114952, *8 (S.D. Cal. Dec. 9, 2010) ("[a]

5   claim for declaratory relief rises or falls with the other claims") (internal quotation marks

6   and citations omitted).

7           For this reason as well, plaintiff's second and fourth causes of action should be

8   dismissed.

9           **G.      Plaintiff's Fourth Cause Of Action For Order Disclosing Inventory**

10                   **Fails To State A Claim For Relief.**

11          Plaintiff's fourth cause of action seeks an inventory of the property seized at

12   USPV, pursuant to Fed. R. Crim. P. 41(f)(1)(D).  However, Fed. R. Crim. P. 41(f)(1)(C)

13   provides three alternative methods of serving a search warrant, namely that the officer

14   may "give a copy of the warrant and a receipt for the property taken or leave a copy of

15   the warrant and receipt at the place where the officer took the property."  Here, the

16   warrants which authorized the seizure of USPV's property were properly served on

17   USPV by leaving them "at the place where the officer took the property," thus satisfying

18   Fed. R. Crim. P. 41.  Each legitimate boxholder already knows of the items they kept in

19   their boxes, and providing an inventory would be disastrous for attempting to verify

20   what may be false claims for valuables by persons pretending to be the owner of the

21   contents of a specific box.  Furthermore, Rule 41 does not govern inventory searches as

22   to the items recovered from the inventory, which is an administrative function involving

23   the inventorying process.  Accordingly, for these reasons as well, plaintiff's fourth cause

24   of action should be dismissed.

25

26

27

28

# IV.

# CONCLUSION

For the foregoing reasons, the government respectfully requests that its motion be granted.

Dated: August 30, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____

ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, and
TRACY L. WILKISON and KRISTI
KOONS JOHNSON IN THEIR OFFICIAL
CAPACITY ONLY

16